UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| | § | |
| JOE F. ERNEST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. SA:13-CV-802-DAE |
| | § | |
| CITIMORTGAGE, INC. as loan | § | |
| originator; US BANK, NA as Trustee | § | |
| for Securitized Trust CitiMortgage | § | |
| Alternative Loan Trust 2007–A6; | § | |
| CITIMORTGAGE,INC. as loan | § | |
| sponsor; CITICORP MORTGAGE | § | |
| SECURITIES. INC. as loan servicer; | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEM aka | § | |
| "MERS"; DOES 1 through 100, | § | |
| inclusive, | § | |
| | § | |
| Defendants. | § | |

ORDER:  (1) GRANTING DEFENDANTS' MOTION TO DISMISS AND
(2) GRANTING DEFENDANTS' ORAL MOTION FOR A BOND FOR
<u>APPEAL</u>

On January 8, 2014, the Court heard argument on Defendants' Motion

to Dismiss (Dkt. # 3).  Chad Dawson Elrod, Esq., appeared on behalf of Plaintiff.

Andrew J. Schumacher, Esq., represented Defendants.  After careful consideration

of the arguments at the hearing and memoranda in support of and in opposition to

1

Defendants' Motion to Dismiss, the Court **GRANTS** Defendants' Motion to

Dismiss and **GRANTS** Defendants' Motion for a Bond for Appeal.

BACKGROUND

CitiMortgage, Inc. ("CMI"), Citicorp Mortgage Securities, Inc.

("Citicorp"), U.S. Bank National Association as Trustee for Securitized Trust

CitiMortgage Alternative Loan Trust 2007–A6 ("US Bank"), and Mortgage

Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") filed

a Motion to Dismiss Plaintiff Joe Ernest's claims.

I.      The Security Instruments

On or around May 9, 2007, Ernest entered into a Note with CMI in the

amount of $397,012.00.  (Dkt. # 3 at 2.)  The Note listed CMI as the Lender.

(Id., Ex. 1.)  Ernest also executed a Deed of Trust on his residence at 21 Aston

Glen, San Antonio, Texas 78257 ("the Property") securing the Note.  The Deed of

Trust listed CMI as the Lender and MERS both as the nominee for the Lender (and

the Lender's successors and assigns) and as the beneficiary.  (Id., Ex. 2.)  The

Deed of Trust was filed in Bexar County.  (Id.)

On October 19, 2012, MERS, acting as nominee for CMI, assigned its

interest in the Deed of Trust to CMI.  (Id., Ex. 3.)

2

II.   <u>The Petitions</u>

On March 5, 2012, Ernest and Caroline Flores ("Original Plaintiffs") filed suit against CMI and MERS (the "Original Petition").  (<u>Id.</u>, Ex. 6 ¶ 11.)  In the Original Petition, the Original Plaintiffs alleged that "[t]he instrument recorded in the real property records of Bexar County, Texas, by Defendant Citi [alleging] an interest in the subject property through a purported conveyance is fraudulent and void."  (<u>Id.</u>)  The Original Plaintiffs claimed that CMI had "no standing, no interest, no evidence or fact of unbroken chain of title in either (a) the underlying real estate lien note and/or (b) the subject deed of trust."  (<u>Id.</u>)  They asserted that the assignment of the instruments through MERS rendered the assignments void under a "Split the Note" theory and sought declaratory and injunctive relief.  (<u>Id.</u>)

On March 6, 2012, the Original Plaintiffs obtained a temporary restraining order enjoining CMI from conducting a foreclosure sale of their property.  (<u>Id.</u> at 3.)  CMI removed the suit to the District Court for the Western District of Texas.[1]  Subsequently, the parties filed a Joint Stipulation of Dismissal, dismissing the Original Plaintiffs' claims with prejudice.

Next, on February 20, 2013, the Original Plaintiffs filed another Petition/Counterclaim in state court (the "Second Petition").  (<u>Id.</u>, Ex. 8.)  The

---

[1] Although MERS was named as a defendant in the original suit, it was never served, and therefore never became a party in the case.

Original Plaintiffs added new defendants[2] in the Second Petition, including US Bank and Citicorp, but alleged the same theory as the Original Petition – that the inclusion of MERS on the Deed of Trust split the Note, rendering the sale provisions in the Deed of Trust unenforceable.  (Id.)

CMI contacted the Original Plaintiffs demanding that they dismiss the Second Petition because it presented claims that had already been dismissed with prejudice.  (Id. at 3.)  The Original Plaintiffs non-suited CMI, but pursued their claims against the other defendants.

Defendants next filed a Motion to Enjoin Plaintiffs from Pursuing the State Court Proceedings in the Western District Case.  (See id., Ex. 8.)  Plaintiffs non-suited the Second Petition before the Court could rule on it, and it was dismissed as moot.  (Id.)

On August 2, 2013, Plaintiff filed a third petition ("Third Petition") in state court, and Defendants removed the case to this Court on August 27, 2013.  In the Third Petition, Plaintiff alleges (1) Defendants do not have standing to foreclose on the Property; (2) Defendants engaged in fraud in the concealment; (3) Defendants engaged in fraud in the inducement; (4) Defendants intentionally inflicted emotional distress upon Ernest; (5) Defendants engaged in slander of title; (6) Plaintiff has a right to quiet title; (7) Plaintiff has a right to declaratory relief;

---

[2] The Defendants in the Second Petition are the same as those in the present Petition:  CitiMortgage, US Bank, Citicorp, MERS.

(8) Defendants violated TILA, 15 U.S.C. § 1601 et seq.; (9) Defendants violated

the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.; and

(10) Plaintiff is entitled to rescission of the loan and accompanying documents.

In response, Defendants filed the instant Motion to Dismiss.

(Dkt. # 3).

Plaintiff failed to respond to the Defendants' Motion to Dismiss

within the fourteen-day period prescribed by the Local Rules.  W.D. Tex. Civ.

R. 7(e).  Instead, Plaintiff filed a response seven days past the deadline, without

seeking leave from the Court.  However, for the sake of thoroughness, the Court

will address the arguments raised in Plaintiff's untimely response.

## LEGAL STANDARDS

I.    Motion to Dismiss

A proper pleading under the Federal Rules of Civil Procedure must

contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8

announces does not require 'detailed factual allegations,' but it demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation."  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must contain more

than mere "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

In reviewing a motion to dismiss, the Court accepts as true all of the well-pleaded factual allegations in the complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In order to survive a motion to dismiss, a claim must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

In adjudicating a motion to dismiss, the Court considers only the pleadings and those matters of which it may take judicial notice under Rule 201 of the Federal Rules of Evidence. Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1018–19 (5th Cir. 1996) (adopting a rule that a court in a securities fraud action may take judicial notice of relevant public disclosure documents required to be filed with the SEC); Hurd v. BAC Home Loans Servicing, LP, 880 F.Supp. 2d 747, 758 (N.D. Tex. 2012) (taking judicial notice of matters of public record and considering documents attached to a motion to dismiss as part of the pleadings because they were central to the claims in the complaint).

<u>ANALYSIS</u>

Defendants argue that the Third Petition fails to state a claim upon which relief can be granted.  Defendants assert (1) Plaintiff's claims are barred by res judicata[3]; (2) Plaintiff's claims are predicated upon theories squarely rejected by Texas courts; (3) Plaintiff lacks standing to bring claims regarding the assignments; and (4) Plaintiff failed to plead the necessary elements of a quiet title claim.  (<u>See</u> Dkt. # 3.)

Defendants included, as exhibits to the Motion to Dismiss, copies of the Note (<u>Id.</u>, Ex. 1); the First Deed of Trust (<u>Id.</u>, Ex. 2); the Assignment of the Deed of Trust from MERS to CMI (<u>Id.</u>, Ex. 3); the first Notice of Removal from April 20, 2012 with attached exhibits (<u>Id.</u>, Ex. 6); the Joint Stipulation of Dismissal with Prejudice filed December 11, 2012 (<u>Id.</u>, Ex. 7); and the Motion to Enjoin filed in June 2013 (<u>Id.</u>, Ex. 8).  The Court relies on these documents because they are either central to Plaintiff's claims in the Third Petition or because they are matters of public record.

---

[3] Although Defendants allege that Plaintiff's claims also are barred by collateral estoppel, Defendants do not address this theory in their Motion to Dismiss and only briefly touch on the issue in their Reply.  Because the Court finds that Defendants' Motion to Dismiss should be granted on other grounds, the Court declines to address this issue of collateral estoppel here.

I.     Res Judicata

Defendants first argue that res judicata precludes all of Plaintiff's

claims.  (See Dkt. # 3 at 6.)  Res judicata bars "successive litigation of the very

same claim, whether or not relitigation of the claim raises the same issues as the

earlier suit."  Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New

Hampshire v. Maine, 532 U.S. 742, 748 (2001)).

Res judicata prevents parties from "contesting matters that they have

had a full and fair opportunity to litigate" and seeks to avoid "the expense and

vexation attending multiple lawsuits, [to] conserv[e] judicial resources, and [to]

foste[r] reliance on judicial action by minimizing the possibility of inconsistent

decisions."  Id. (quoting Montana v. United States, 440 U.S. 147, 153–154 (1979)).

Res judicata applies when "1) the parties to both actions are identical

(or at least in privity); 2) the judgment in the first action is rendered by a court of

competent jurisdiction; 3) the first action concluded with a final judgment on the

merits; and 4) the same claim or cause of action is involved in both suits."  Ellis v.

Amex Life Ins. Co., 211 F.3d 935, 937 (5th Cir. 2000).

The inquiry into whether there is res judicata concludes with an

analysis of whether "the previously unlitigated claims could or should have been

asserted in the prior proceeding."  In re Paige, 610 F.3d 865, 873 (5th Cir. 2010)

(internal quotation marks omitted).  Res judicata only bars claims that could or

should have been asserted in an earlier proceeding.  Id.  The inquiry centers on

whether and to what extent Plaintiff had actual or imputed awareness of the

now-presented claims had and whether Plaintiff could have asserted them in the

previous action.  In re Intelogic Trace, Inc., 200 F.3d 382, 388 (5th Cir. 2000).

Because Plaintiff does not challenge the competency of the Court's

jurisdiction or the finality of the prior judgment[4], we limit our discussion to

whether the parties are in privity, whether the causes of action are the same, and

whether the claims could or should have been presented in the earlier proceeding.

A. Privity

Privity is a "legal conclusion that the relationship between the one

who is a party on the record and the non-party is sufficiently close to afford

application of the principle of preclusion."  Meza v. Gen. Battery Corp., 908 F.2d

1262, 1266–67 (5th Cir. 1990).  The Fifth Circuit maintains that privity may be

found only in three narrow situations:  "(1) where the non-party is the successor in

interest to a party's interest in property; (2) where the non-party controlled the

prior litigation; and (3) where the non-party's interests were adequately

represented by a party to the original suit."  Id.

---

[4] "It is clear that a stipulation of dismissal with prejudice, or for that matter, a
dismissal with prejudice at any stage of a judicial proceeding, normally constitutes
a final judgment on the merits which bars a later suit on the same cause of action."
Astron Indus. Assocs., Inc. v. Chrysler Motors Corp., 405 F.2d 958, 960 (5th Cir.
1968).

Courts acknowledge that privity exists between preceding and succeeding owners of property.  See Taylor, 553 U.S. at 893.  Similarly, assignees and servicing agents of a loan are in privity with an original mortgage company. See McMahan v. First Union Nat. Bank, No. C.A.SA–01–782 FB NN, 2003 WL 1606084, at *2 (W.D. Tex. Mar. 7, 2003) (citing Northern Pac. Ry. Co. v. Slaught, 205 U.S. 122, 128 (1907)); see also Steele v. Quantum Servicing Corp., No. 4:12–CV–344, 2012 WL 4162138, at *4 (E.D. Tex. Aug. 24, 2012) (vacated on other grounds) (finding that an assignment between successive defendants is sufficient to create privity).

The issue before the Court is whether MERS, US Bank, and CitiCorp are in privity with CMI, the defendant in the Original Petition.

Defendants assert that the parties in the Third Petition are identical to or in privity with the parties in the Original Petition.  (See Dkt. # 3 at 7.)  There is no dispute that Ernest is the same Plaintiff as in the Original Petition.  (Id.) Additionally, Defendants assert that both CitiCorp and US Bank are in privity with CMI.  (See id.)  Defendants argue that because Plaintiff's claims focus on actions that concern the origination and securitization of the mortgage, and because CMI was the originator, sponsor, and servicer of the loan, all of the Defendants are in privity with CMI.  (See id.)

In contrast, Plaintiff asserts that defendants US Bank, MERS, and CitiCorp have not demonstrated that they were in privity with CMI.  (See Dkt. # 6 at 22.)  Plaintiff argues that Defendants have produced no contract or any evidence indicating a relationship between CMI and defendants US Bank, Citicorp, and MERS.  (See id.)  Plaintiff contends that there cannot be privity because the assignments were void and incapable of creating the necessary relationship.

The Court finds that, MERS, as the original beneficiary under the Deed of Trust and assignor, shares sufficient interest with CMI to establish privity. See Butts v. J.P. Morgan Chase Bank, No. 3–11–CV–2542–M–BD, 2011 WL 7109344, at*2 (N.D. Tex. Dec. 28, 2011) (finding privity between MERS, as the original beneficiary on a deed of trust, and the subsequent assignee of the note and deed of trust).

Additionally, as Plaintiff alleges, Citicorp is "the Depositor for [the] Securitized Trust and/or a purported participant in the imperfect securitization of the Note and/or Deed." (Dkt. # 1 ¶5.)  As a link in the chain of assignment, Citicorp is in privity with CMI.  Similarly, as trustee, US Bank shares an identity of interest with CMI creating privity.  At the very least, CMI is in privity with both Citicorp and US Bank because it adequately represented their interests in the original suit.

Because there is privity between each of the Defendants in the Third Petition and CMI, this requirement of res judicata is satisfied.

B.     Identical claims or causes of action

The Court applies the transactional test to determine whether two cases involve the same cause of action.  In re Paige, 610 F.3d 865, 872 (5th Cir. 2010).  Under the transactional test, "the preclusive effect of a prior judgment extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose."  Id. (internal quotation marks omitted).  The linchpin of this test is whether the two actions are based on "the same nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted."  Id. (internal citations and quotation marks omitted).  The fact that "a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions . . . [even where] the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief."  Restatement (Second) of Judgments, § 24, cmt. c (1982).  Additionally, the "the type of relief requested, substantive theories advanced, or types or rights asserted is not controlling for the purposes of the transactional test."  In re Paige, 610 F.3d at 873 (internal quotation marks omitted); see also In re Howe, 913 F.2d

12

1138, 1144 (5th Cir. 1990) ("[T]he critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts.").

In the Original Petition, Plaintiff claims that "[the deed] recorded in the real property records of Bexar County, Texas, by Defendant Citi alleging an interest in the subject property through a purported conveyance is fraudulent and void." (Dkt. # 3 Ex. 6-B.)  Plaintiff argues that "Defendant Citi has no standing, no interest, no evidence or fact of unbroken chain of title in either (a) the underlying real estate lien note and/or (b) the subject deed of trust . . . ." (Id.)

Additionally, in the Original Petition Plaintiff sought (1) declaratory relief; (2) a finding that "the Deed and provisions therein relating to the enforcement of the Note through foreclosure, are null and void"; (3) a finding "that a separation of/between the deed and note occurred, rendering unenforceable any interest in the subject property which Defendant seeks to enforce"; and (4) findings "as to the legitimacy and efficacy of the transfers of the deed and note which occurred between the time of closing and the present." (Id., Ex. 6-B at 7.)  Each of these requests is predicated upon the invalidity of the assignments of the Note and Deed of Trust.

In the Third Petition, Plaintiff asserts ten causes of action: (1) lack of standing; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional

infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief; (8) violations of the Truth In Lending Act; (9) violations of the Real Estate Settlement Procedures Act; and (10) rescission.  (Dkt. # 1 Ex. 4.)  Plaintiff states that the claims for fraud, intentional infliction of emotional distress, declaratory relief based on TILA and RESPA violations, and rescission arise from "the facts and circumstances surrounding Plaintiff's original loan transaction and subsequent securitization."  (Id., Ex. 4 ¶ 15.)

Although Plaintiff is indeed seeking more specific and numerous forms of relief than he did in his Original Petition, each of the claims in the Third Petition is based upon the same nucleus of operative facts, namely the allegedly invalid assignments of the Note and Deed of Trust.  Therefore, both Plaintiff's Original Petition and Third Petition arise out of the same transaction.

C.    Should Plaintiff's Claims have been Raised in the Original Petition

The Court finds that Plaintiff should have asserted all of the Third Petition's claims in the Original Petition because all of the claims are predicated on the same nucleus of operative facts.  Although Plaintiff argues that he could not have raised the issue of the validity of the assignment in the Original Petition because it is predicated on "new facts and evidence which could not have been [presented] even with due diligence," he has provided no support for this assertion, and the Court cannot conceive of any reason why Plaintiff could not have included

14

the Third Petition's claims in the Original Petition.  (See Dkt. # 6 at 20.)  Indeed, the fact that Plaintiff's claims in the Original Petition were predicated upon the same theory asserted in the Third Petition belies Plaintiff's argument.

Plaintiff's Third Petition is barred by res judicata because the parties are in privity, the prior final judgment was rendered by a court of competent jurisdiction, the claims arise out of the same transaction, and the claims could and should have been brought in the prior suit.

## II.    "Split the Note" and "Show Me the Note" Theories

Although Plaintiff's claims must be dismissed on res judicata grounds, the Court will briefly address the other grounds for dismissal Defendants presented in the Motion to Dismiss.

Each of Plaintiff's claims in the Third Petition is based upon the "Split the Note" and "Show Me the Note" theories.  (See Dkt. # 6.)  Defendants correctly argue that Texas courts have already addressed and rejected both of these theories. (Dkt. # 3 at 9.)

First, the Fifth Circuit rejected the "Show Me the Note" theory that argues that, in order to foreclose, "a party must produce the original note bearing a wet ink signature."  Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 253 (5th Cir. 2013) (internal quotation marks omitted).  The Fifth Circuit explicitly held that "Texas recognizes assignment of mortgages through MERS and its

equivalents as valid and enforceable without production of the original, signed note." <u>Id.</u>

Second, the Fifth Circuit also rejected the "Split the Note" theory that argues that the "transfer of a deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null" and that to foreclose, "a party must hold both the note and the deed of trust." <u>Id.</u> at 254. The Fifth Circuit held that "the Texas Property Code contemplates and permits MERS either (1) to grant the mortgage servicer the authority to foreclose or, if MERS is its own mortgage servicer, (2) to bring the foreclosure action itself. In either event, the mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure." <u>Id.</u> at 255.

All of Plaintiff's claims are based on these defunct theories and cannot survive a motion to dismiss.

III.   <u>Plaintiff's Standing</u>

Defendants argue that Plaintiff does not have standing to challenge the assignments because Plaintiff is not a party to the assignments, and any alleged violations would at most render the assignments voidable, not void.[5]

---

[5] A plaintiff may challenge a void assignment to which is he not a party, but is precluded from challenging one that is merely voidable. <u>Reinagle v. Deutsche Bank Nat. Trust Co.</u>, 735 F.3d 220, 226 (5th Cir. 2013).

In contrast, Plaintiff asserts that he is challenging the assignments because they were forged and asserts that Defendants have not shown that CMI had sufficient authority to foreclose based on those assignments.  (Dkt. # 6.)

The Fifth Circuit unequivocally held that an alleged lack of authority of an entity assigning a note and deed of trust only makes the assignment voidable, not void, and therefore does not provide standing to a mortgagor to challenge the validity of the assignment.  Reinagel v. Deutsche Bank Nat. Trust Co., 735 F.3d 220, 226 (5th Cir. 2013).

Additionally, under Rule 9(b) of the Federal Rules of Civil Procedure, "a party must state with particularity the circumstances constituting fraud or mistake."  Here, Plaintiff has done no more than make a general allegation that the assignments were forged.  Plaintiff's pleading and response do not provide any factual allegations satisfying the 9(b) pleading standard.

Because Plaintiff's claims of standing are foreclosed by the Fifth Circuit's decision in Reinagel, and Plaintiff has failed to meet the heightened pleading standard of Rule 9(b) for claims of fraud, all of Plaintiffs claims must be dismissed.

IV.   Plaintiff Claim to Quiet Title

Defendants contend that Plaintiff did not adequately plead a claim to quiet title.  Defendants assert that Plaintiff's petition does not include any facts

17

supporting the strength of the Plaintiff's title, but only attacks the strength of Defendants' title.  (Dkt. # 3 at 12.)  Defendants maintain that this is not sufficient to allow Plaintiff's claim to quiet title to withstand a motion to dismiss.  (Id.)  In contrast, Plaintiff argues that a quiet title claim can be maintained when Plaintiffs have pled title to their property while challenging the strength of Defendants' claim to title.  (Dkt.# 6 at 16.)

In the Third Petition, Plaintiff pleaded that he was the owner of the Property.  (Dkt. # 1 Ex. 4.)  However, Plaintiff's claim to superior title is premised on the "Show Me the Note" and "Split the Note" theories previously rejected by the Fifth Circuit.  See e.g., Martins, 722 F.3d at 253–54.

"A suit to quiet title or to remove a cloud can be maintained only by a person owning an interest in the property involved."  Bell v. Ott, 606 S.W.2d 942, 953 (Tex. App. 1980).  "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title."  Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App. 2001).  Because Plaintiff's claim to superior title is premised on discredited theories and because Plaintiff has not pleaded any other facts supporting his claim to superior title, the Court finds that Plaintiff has failed to state a claim to quiet title.

<u>MOTION FOR BOND ON APPEAL</u>

During the hearing, Defendants moved for an appeal bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure that provides "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.

In evaluating a Rule 7 motion, the court considers "(1) whether there is a risk of non-payment in the event that the appellants lose their appeal, (2) any previous bad faith or vexatious conduct on the part of the appellants, and (3) the likely merits of the appeal."  <u>Noatex Corp. v. King Const. of Houston, L.L.C.</u>, 732 F.3d 479, 489 (5th Cir. 2013).  The <u>Noatex</u> court recognized that whether attorney's fees may constitute costs has not been definitively decided in the Fifth Circuit, and additionally that the circuit courts are currently divided on this issue. <u>Compare</u> <u>Pedraza v. United Guar Corp.</u>, 313 F.3d 1323, 1333 (11th Cir. 2002) (holding that a court should determine whether attorney's fees constitute costs allowable under Rule 7 by examining the definition of costs in the statute underlying plaintiff's cause of action, but finding that under RESPA, costs are separate from attorney's fees), <u>Azizian v. Federated Dept. Stores, Inc.</u>, 499 F.3d 950, 958 (9th Cir. 2007) ("We agree with the Second, Sixth, and Eleventh Circuits and hold that the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee shifting statute, including attorney's fees."), <u>and</u>

19

Adsani v. Miller, 139 F.3d 67, 75 (2d Cir. 1998) (holding that attorney's fees may properly be included in costs), with Hirschensohn v. Lawyers Title Ins. Corp., No. 96–7312, 1997 WL 307777, at *3 (3d Cir. June 10, 1997) (holding that Rule 7 does not allow a bond to include the estimated costs of attorney's fees).  In Noatex, the Fifth Circuit "assume[d] without deciding that attorney's fees may constitute costs for Rule 7 purposes."  732 F.3d at 498 n. 8.

During argument on January 9, 2014, Defendants stated the Plaintiff had been living in the Property without making any payments toward the mortgage.  This fact indicates both that there is a risk of non-payment if Plaintiff were to lose on appeal and indicates, if not bad faith, at least an intent of Plaintiff to avoid meeting his obligations on the Property.  Additionally, because the Fifth Circuit has already rejected the theories Plaintiff asserts to support his claims, the Court finds that Plaintiff has a very low likelihood of success on appeal. Therefore, this Court finds that a Rule 7 Bond for Appeal is appropriate.

Because of the Fifth Circuits intimation in Noatex that attorney's fees may be included in a Rule 7 Bond for Appeal, the Court requires Plaintiff to post a bond in the sum total of the amount of debt secured by the Note and Deed of Trust and an additional amount representing reasonable attorney's fees prior to taking any appeal from this Order.

<u>CONCLUSION</u>

For the reasons presented above, the Court hereby **GRANTS**

Defendants' Motion to Dismiss (Dkt. # 3) and **GRANTS** Defendants' Motion for a

Bond for Appeal.

IT IS SO ORDERED.

DATED:  San Antonio, Texas, January 22, 2014.